﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200306-68541
DATE: January 29, 2021

ORDER

Entitlement to an effective date earlier than November 27, 2017 for the award of service connection for posttraumatic stress disorder (PTSD) with cognitive impairment (residuals of stroke) (also claimed as insomnia), is denied.

FINDING OF FACT

An intent to file a claim for service connection for PTSD with cognitive impairment (residuals of stroke) (also claimed as insomnia) was received on November 27, 2017. Prior rating decisions denying the claim in March 2004, December 2004 (anxiety), July 2006 (anxiety, PTSD), and June 2011 became final. There is no evidence of an earlier, unadjudicated claim. 

CONCLUSION OF LAW

The criteria for entitlement to an earlier effective date than November 27, 2017, for the grant of service connection for PTSD with cognitive impairment (residuals of stroke) (also claimed as insomnia), have not been met. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from August 1969 to April 1971.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from January 2020 Appeals Modernization Act (AMA) rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

In the VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the Veteran elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301. 

Entitlement to an effective date earlier than November 27, 2017 for the grant of service connection for PTSD with cognitive impairment (residuals of stroke) (also claimed as insomnia).

The Veteran contends that he is entitled to an earlier effective date for the award of service connection for his PTSD, psychiatric disorder. Specifically, he contends that the compensation should be granted from June 2011, as his claim was continuously deferred to obtain additional evidence. For the reasons that follow, entitlement to an earlier effective date is not warranted.

The assignment of effective dates of awards is generally governed by 38 U.S.C. § 5110 and 38 C.F.R. § 3.400. Unless specifically provided otherwise, the effective date of award based on an original claim for service connection “shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.” 38 U.S.C. § 5110(a). The effective date for a grant of service connection disability benefits on the basis of an original claim is the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. The term ‘date entitlement arose’ is the date when the claimant met the requirements for the benefits sought on a facts-found basis. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400; McGrath v. Gober, 14 Vet. App. 28, 35 (2000). 

VA amended its adjudication regulations on March 24, 2015, to require that all claims governed by VA’s adjudication regulations be filed on standard forms by the Secretary, regardless of the type of claim or posture in which the claim arises. See 79 Fed. Reg. 57,600 (Sept. 25, 2014). The amendments are effective for claims and appeals filed on or after March 24, 2015. Inasmuch the current claim was filed after such date, the amendments are applicable to the Veteran’s appeal.

The amended regulations allow a claimant to submit an intent to file a claim, and VA may recognize the receipt date of the intent to file a claim as the date of claim so long as VA receives a complete claim form within one year. 38 C.F.R. § 3.155(b). If submitted in writing, the intent to file must be on a standardized form. Id. 

Under the old regulations, a “claim” or “application” is defined by VA regulation as “a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit.” 38 C.F.R. § 3.1(p) (prior to 2015). An informal claim is “[a]ny communication or action, indicating an intent to apply for one or more benefits....” and must identify the benefit sought. 38 C.F.R. § 3.155(a)(prior to March 24, 2015). As explained below, the Board finds that an earlier effective date is not warranted.

Service connection for the Veteran’s PTSD was denied in a March 2004 rating decision. The Veteran did not initiate an appeal of that decision. In December 2004, the RO denied the Veteran’s claim for service connection for anxiety. The Veteran did not appeal and new and material evidence was not received within a year of the determination. Service connection for anxiety was also denied by rating decision dated in July 2006. The Veteran did not appeal and new and material evidence was not received within the appeal period. New evidence was subsequently submitted for the Veteran’s PTSD in September 2010, which was denied in a June 2011 rating decision as this evidence was not material. See 38 U.S.C. § 5108; 38 C.F.R. § 3.156. Notice of the June 2011 rating decision was issued in July 2011. Again, the Veteran did not initiate an appeal of that decision and thus, it became final. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103. 

VA received the Veteran’s most recently filed intent to file a claim for a service connection for his PTSD on November 27, 2017. The RO granted service connection for PTSD in an October 2019 rating decision and assigned a 50 percent rating effective November 27, 2017. The Veteran filed a claim for an earlier effective date on October 29, 2019. This claim was denied in a January 2020 rating decision and was properly appealed to the Board. See March VA Form 10182. 

The Board finds that there is no evidence of record to indicate that there was an earlier, unadjudicated claim for service connection for the Veteran’s PTSD or any other psychiatric disorder. As the intent to file a claim for service connection for PTSD was received on November 27, 2017, more than one year after a prior final decision, this is the earliest possible effective date that may be assigned. 38 U.S.C. § 5110(a). The Veteran’s current effective date is November 27, 2017. Thus, an earlier effective date is not warranted.

The Board acknowledges the Veteran’s statements regarding deferrals of his claim. As noted, the evidence shows that his claim for PTSD was resubmitted in September 2010 and denied in a June 2011 rating decision, which became final. Subsequently, VA received the Veteran’s filed an intent to file a claim on November 27, 2017. While the RO deferred this claim in its June and October 2018 rating decisions, a decision granting service connection for PTSD was issued in October 2019. As such, the evidence shows that the RO deferred the Veteran’s claim after, not before, his current effective date of November 27, 2017.

The Board also acknowledges the statements of the Veteran’s representative, arguing that he is entitled to an earlier effective date because the VA did not verify in-service stressor for his PTSD until May 2019. See April 2020 Appellant’s Brief. A review of evidence of record shows that the March 2004 rating decision denied the Veteran’s claim for service connection for his PTSD based on the lack of a current diagnosis and the inability to verify an in-service stressor. That decision became final. The Veteran’s claims for anxiety were denied in December 2004 and July 2006, as new and material evidence to reopen the claim had not been submitted. After the Veteran resubmitted his claim in September 2010, the RO attempted to verify an in-service stressor. In June 2011, the VA issued a formal finding of lack of information required to corroborate stressors with a claim for service connection for PTSD. This was based on a review of the Veteran’s military records and an unsuccessful request for more information regarding the alleged stressor from the Veteran. The Board notes that the duty to assist is a two-way-street. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). As the Veteran did not provide the requested information and the RO was unable to verify any in-service stressor, his claim was again denied in a June 2011 rating decision. 

Further, in his January 2018 statement, the Veteran finally provided information necessary to verify his in-service stressor. Although it appears as though additional service personnel records were then obtained, the Board finds that the records were not relevant to the Veteran’s claim; thus, the provisions of 38 C.F.R. § 3.156(c)(1) were not initiated. Although the VA did not verify in-service stressor for his PTSD until May 2019, the Veteran is not entitled to an earlier effective date because he failed to provide the information necessary to enable the RO to proceed with the verification process prior to his November 27, 2017 intent to file a claim. 38 C.F.R. § 3.156(c)(2).

In sum, the Board finds that the proper effective date is November 27, 2017, the date VA received the Veteran’s intent to file a claim for his PTSD, psychiatric disorder. This is the Veteran’s currently assigned effective date. Accordingly, there is no entitlement under the law to the benefit sought and the claim must be denied as a matter of law.

 

 

C. CRAWFORD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Kuzniar, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.